ORIGINAL

# In the United States Court of Federal Claims

FILED

### No. 13-323C
### April 25, 2014

APR 25 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * | * |
| **JAMES L. DRIESSEN,** | * |
| | * **Pro Se Plaintiff; Motion to** |
| **Plaintiff,** | * **Dismiss; Lack of Subject Matter** |
| | * **Jurisdiction; Failure to State a** |
| **v.** | * **Claim; Intellectual Property;** |
| | * **Copyright; Implied-in-Fact** |
| **UNITED STATES,** | * **Contract.** |
| | * |
| **Defendant.** | * |
| * * * * * * * * * * * * * | * |

**James L. Driessen**, Lindon, UT, pro se.

**John Fargo**, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant.  With him was **Stuart F. Delery**, Assistant Attorney General, Civil Division, Department of Justice.

### ORDER

<u>HORN, J.</u>

### FINDINGS OF FACT

Pro se plaintiff James L. Driessen filed a complaint in the United States Court of Federal Claims[1] stating" [t]his is a declaratory action asking the  court to declare that

---

[1] Plaintiff filed his complaint naming the Library of Congress, James Hadley Billington, in his position at the Library of Congress, the United States Copyright Office, Maria A. Pallante, and Robert Kasunic, in their positions with the United States Copyright Office, as defendants.  In this court, however, the only proper defendant is the United States, which plaintiff did not name as a defendant. Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2013) states that "[t]he title of the complaint must name all the parties . . . , with the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C § 1491(a)(1) (Supp. V 2011).   The United States Supreme Court has indicated for suits filed in the United States Court of Federal Claims and its predecessors, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted).  Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588; Hover v. United States, 113 Fed. Cl. 295, 296 (2013) ("As an initial matter, it is well settled that

Plaintiff is the owner of the exclusive right in copyright and thereby oblige the Copyright Office (hereafter 'Office') to perform a permissive registration under the copyright code." Plaintiff requests the court declare that he is "a lawful purchaser and owner of content media," and therefore, is entitled to "*exclusive* rights to lawful enjoyment, including displaying, viewing, and transmission of the same for home viewing, within the bounds of copyright law" and declare that there is "no physical or ethereal length of cord which [sic] too long which could prohibit such lawful enjoyment . . . within any distance." (emphasis in original). Plaintiff also alleges "that Congress has authorized the [Copyright] Office through the Library of Congress,[2] to provide means for permissive registration of *any* exclusive copyright." (emphasis in original). Further, plaintiff requests the court to "[r]emand the Plaintiff's request for registration of his exclusive rights to the [Copyright] Office, with proper instruction to the Office, ordering the Office to develop and implement the rules and fees for such permissive registration as required by law."

According to Mr. Driessen, Vibme, LLC (Vibme)[3] petitioned the Copyright Office and requested the Copyright Office commence rulemaking to establish a new system of registration using the "Circle Section" registration mark, which would address "consumer . . . ownership rights in first-sales of online digital media." The petition for rulemaking requested that the Copyright Office "clearly establish that consumers have ownership rights in first-sales of online digital media," and, "if it is determined that ownership rights for cloud media storage are mechanical or compulsory, then pursuant to its existing authority under 17 U.S.C. § 408, establish procedures for a preferred service provider to file an application for supplementary registration on behalf of consumers . . . ." The petition for rulemaking also outlined the reasons plaintiff suggested for creating a new system of registration, including "consumer demand for digital ownership – at least as it is marketed at present – is beginning to disappear." The petition for rulemaking stated "[i]t seems difficult to even understand the industry impetuous [sic] behind these perceived efforts to hide ownership from the

---

the United States is the only proper defendant in the United States Court of Federal Claims."); Warren v. United States, 106 Fed. Cl. 507, 510-11 (2012) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims."); May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir. 2008).

[2] The Copyright Office is directed by the Register of Copyrights, who reports to the Librarian of Congress. See 17 U.S.C. § 701(a), (d) (2006).

[3] The petition for rulemaking was signed on behalf of Vibme by the President of Vibme, Maguerite A. Driessen. According to the website for Driessen Law, which can be accessed at http://www.driessenlaw.com (last visited Apr. 24, 2014), Marguerite A. Driessen is listed as of counsel to Driessen Law, as well as a "Driessen Law Consultant," and an Associate Professor of Law, Brigham Young University, J. Reuben Clark Law School. The website further indicates Ms. Driessen is "not a Utah attorney." The court noes that although Maguerite A. Driessen is listed as the President of Vibme, in his complaint, Mr. Driessen alleges that "[p]laintiff has previously petitioned the [Copyright] Office on behalf of his Company (Vibme LLC) for rulemaking."

consumer."   The petition for rulemaking also argued that, "[t]he personal media collection (as a concept) could actually assist in creating better bandwidth optimization." The petition for rulemaking describes the potential consequences of not granting his petition, stating, "consumers feel they are left with no choice but to seek to satisfy that demand outside of industry channels."   The petition for rulemaking warned, "[i]f, however, we allow the fears and prejudices of industry content producers to dictate our path, the personal media collection will disappear as physical media sources become obsolete . . . ."   The petition for rulemaking further warned that "attempts to deprive citizens of ownership have had grave, even violent consequences."

Vibme then submitted a second petition to the Copyright Office titled "**PETITION FOR WAIVER OR SUSPENSION OF RULES (OR CONSOLIDATION MOTION IN THE ALTERNATIVE) RE: DOCKET 2011-07.**" (emphasis and capitalization in original).   As explained by the Copyright Office, in a letter to Maguerite A. Driessen, Vibme "requested that the Copyright Office consolidate the rulemaking with [the] office's rulemaking pursuant to 17 U.S.C. § 1201(a)(1)(C)," or, in the alternative, that the office "suspend the section 1201 rulemaking until the conclusion of the rulemaking" requested in Vibme's prior petition.   In the same letter to Maguerite A. Driessen, the Copyright Office denied the petitions for rulemaking.   Subsequently, in a third petition, Vibme requested reconsideration of its proposals and a final notice.[4]   A final decision by the Copyright Office denying the two petitions, as well as the request for reconsideration, was set forth in a subsequent letter to Mr. Driessen.   As the Copyright Office noted in that final decision:

> Under the copyright law, the exclusive rights in copyrighted works are set forth in sections 106 and 106A of the copyright law.   Limitations to those exclusive rights are set forth in sections 107 through 122 of the copyright law. The first sale doctrine, which permits the owner of physical copies to transfer possession of the copy, is set out in section 109 of the copyright law. Section 109 clarifies that the first sale right is a limitation on the exclusive right of distribution. The first sale doctrine does not limit the exclusive right of reproduction. As the Office stated in its Section 104 Report to Congress, a report mandated by the Digital Millennium Copyright Act, the first sale doctrine is inapplicable when the disposition of a copy or phonorecord of a work implicates the reproduction right, as is the case when a copy or phonorecord of a work is transmitted over the Internet. *See,* http://www.copyright.gov/reports/studies/dmca/dmca_study.html. Thus, from the perspective of the Copyright Office, a fundamental premise in your rulemaking request is flawed.

> . . .

> Nowhere in section 109 is the Copyright Office authorized to establish a registration system for ownership rights in the first-sale of online digital media.   Moreover, as explained in the Section 104 Report to Congress,

---

[4] The request for reconsideration was filed on behalf of Vibme by Mr. Driessen in his capacity as attorney for Vibme.

because the transfer of a copy or phonorecord online implicates the reproduction right, the first sale doctrine is generally inapplicable. *See,* http://www.copyright.gov/reports/studies/dmca/dmca_study.html.

In absence of express authorization from Congress, the Copyright Office finds no discretion to consider the matters advanced in your petitions. This decision constitutes final agency action on your requests.

Thereafter, Mr. Driessen filed an application to register his "material objects" with the Copyright Office. In his complaint plaintiff indicates that he "requested that the [Copyright] Office would grant the registration of exclusive first sale distribution rights,[5] with the fair use time-shifting, space-shifting, and place-shifting rights, joined with the transmitting for the private home viewing right from an authorized copy of . . . material objects." Plaintiff requested the Copyright Office to protect the following "media material objects:" "The Dark Side of the Moon (music album CD) – quantity 2," "Short Circuit (motion picture DVD) – quantity 2," and "The Outlaw Josey Wales (motion picture Bluray) – quantity 2." Plaintiff claimed that his company's patented technology helps make these specific copies "fully distinguishable from each other and from any other such authorized copy of the work, of which it is known that there are millions."[6] (emphasis in original). According to plaintiff, he "requested that the [Copyright] Office would determine procedures, policies, and fees for such registration, but was ignored," and, subsequently, was "finally denied a request for rulemaking."

After filing his various petitions and applications at the Copyright Office, plaintiff filed suit in the United States Court of Federal Claims. Defendant responded with a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Specifically, defendant claims that this court does not have jurisdiction to consider plaintiff's request for non-monetary requested relief, which is not a claim based on to a money mandating statute. Defendant also argues that plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

---

[5] Black's Law Dictionary defines the first-sale doctrine as "[t]he rule that the purchaser of a physical copy of a copyrighted work, such as a book or CD, may give or sell that copy to someone else without infringing the copyright owner's exclusive distribution rights. With regard to that physical copy, the copyright owner's distribution right is said to be exhausted. 17 USCA 109(a)." Black's Law Dictionary 711 (9th ed. 2009); see also Kirtsaeng v. John Wiley & Sons, Inc., 133 S. Ct. 1351, 1363 (2013) (discussing the common-law origin of the first sale doctrine).

[6] Plaintiff included the cover page of his patent, as well as a typewritten explanation of all the claims to this court as an exhibit to his response to defendant's motion to dismiss. According to plaintiff, the patent granted on May 7, 2013, US Patent No. 8,438,111, covers a technology that purports to perform "impairment, serialization, and recordation" of physical media copies.

## DISCUSSION

Plaintiff filed his complaint in this court pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are generally entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). Defendant argues, citing Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82 n.4 (2d Cir. 2001), that plaintiff, who is an attorney, should not be allowed the more lenient pro se status which is typically accorded to a non-attorney, pro se plaintiff. The court notes that plaintiff, although not a member of this court's bar, is a member of the Utah bar.[7] The court agrees that a pro se plaintiff who is also a licensed attorney should not be accorded the extra protections allowed to one who is not trained in the law, especially in this case because, according to the information on the law firm website, Mr. Driessen "has become a recognized expert in the field of intellectual property."

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed.

---

[7] It appears that plaintiff was part of a law firm bearing his name, Driessen Law, in Lindon, Utah. See Driessen Law, available at http://www.driessenlaw.com (last visited Apr. 24, 2014). According to the information available on the website, however, "Driessen law firm is dissolved" and is "taking no new cases." See id.

Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Centr. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment."); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2014); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, No. 2012-5104, 2014 WL 1394969 (Fed. Cir. Apr. 11, 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States. . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United

States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed.

Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

The United States Court of Federal Claims has limited jurisdiction in copyright cases and may hear cases only when the copyright owner brings an infringement action against the United States. See 28 U.S.C. § 1498(b) (2006). Pursuant to 28 U.S.C. § 1498(b),[8] the United States includes "a corporation owned or controlled by the United States, or . . . a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government." 28 U.S.C. § 1498(b). Section 1498(b) "codifies a limited waiver of sovereign immunity for copyright infringement claims against the government and establishes this court as the exclusive forum to hear such claims." Blueport Co., LLP, v. United States, 76 Fed. Cl. 702, 711 (2007), aff'd, 533 F.3d 1374 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); see also Gaylord v. United States, 678 F.3d 1339, 1340 (Fed. Cir. 2012); Aviation Software, Inc. v. United States, 101 Fed. Cl. 656, 662 (2011); Boyle v. United States, 44 Fed. Cl. 60, 62-63 (1999) ("[T]he exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims." (quoting 28 U.S.C. § 1498(b)), aff'd, 200 F.3d 1369 (Fed. Cir. 2000).

A valid copyright infringement action must be based on both "'(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'" Cohen v. United States, 105 Fed. Cl. 733, 740-41 (2012) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)), aff'd, 528 F. App'x 996 (Fed. Cir. 2013); see also Roberson v. United States, No. 13-844C, 2014 WL 1004310, at *5 (Fed. Cl. Mar. 14, 2014). The above-captioned case is not a copyright infringement action brought by the owner of a valid copyright. Instead, plaintiff's complaint alleges that the Copyright Office refused to register his exclusive rights.   Mr. Driessen seeks a declaratory judgment and asks the court for four types of relief:

> a. Declare Plaintiff is a lawful purchaser and owner of content media; and that as a lawful purchaser and owner of a content media material object, Plaintiff has *exclusive* rights to lawful enjoyment, including displaying, viewing, and transmission of the same for home viewing, within the bounds of copyright law;

---

[8] 28 U.S.C. § 1498(b) states in part, "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims . . . ."

9

b. Declare that there is no physical or ethereal length of cord which too long which [sic] could prohibit such lawful enjoyment, as mentioned above, within any distance;

c. Declare that Congress has authorized the Office through the Library of Congress, to provide means for permissive registration of *any* exclusive copyright; and

d. Remand the Plaintiff's request for registration of his exclusive rights to the Office, with proper instruction to the Office, ordering the Office to develop and implement the rules and fees for such permissive registration as required by law.

(emphasis in original).

Plaintiff has not based his claims on a provision of law over which this court has jurisdiction. Plaintiff's alleged basis for his claims is Article I, § 1 of the Constitution, which vests general legislative powers in Congress. <u>See</u> U.S. Const. Art. I, § 1.[9] Plaintiff also relies on Title 17 of the United States Code, which, plaintiff alleges, the Copyright Office can use to support the rulemaking he requested. Plaintiff asserts that "[t]he Copyright Office has been given sufficient direction from Congress through Title 17 . . . for providing registration of exclusive viewing and transmission rights . . . ." Plaintiff contends that Congress legislated Title 17 through its Article I authority to mandate the Copyright Office's rulemaking. Although the complaint does not reference a specific section of Title 17, plaintiff attaches Vibme's first petition to the Copyright Office for his proposed new type of registration, which claims that there is "a new and pressing need for the [Copyright] Office to reconsider the legitimate registration of specific ownership for consumers who purchase existing first sales rights under §109 of the United States Copyright Code (Title 17 of the United States Code)." The court notes, however, that the first-sale doctrine, as reflected in 17 U.S.C. §109 (2006), does not provide a purchaser, such as the plaintiff with an exclusive right, but instead applies to the copyright owner. <u>See</u> <u>Kirtsaeng v. John Wiley & Sons, Inc.</u>, 133 S. Ct. at 1354-56. Therefore, 17 U.S.C. § 109 does not apply to plaintiff. Additionally, the Copyright Office has the discretion to reject petitions, which it did when rejecting Vibme's petition for rulemaking, and those decisions are not reviewable in this court. <u>See</u> <u>Gaylord v. United States</u>, 678 F.3d at 1340; <u>Walton v. United States</u>, 551 F.3d 1367, 1371 (Fed. Cir. 2009).

Defendant notes that "[n]owhere in plaintiff's Complaint does he allege that any copyright owner in the digital media that he has sought to register has ever threatened him with suit for copyright infringement in relation to his use of the media that alleges [sic] he has lawfully purchased." Moreover, as discussed above, under 28 U.S.C. § 1498(b), the Court of Federal Claims has jurisdiction only in cases of copyright infringement against the United States. <u>See</u> <u>Gaylord v. United States</u>, 678 F.3d at 1340. In this case, plaintiff does not allege, and does not have the ability to allege,

---

[9] Notably plaintiff does not mention Article I, § 8 in his complaint.

infringement because he is not the copyright owner.  Rather, plaintiff merely claims to have "first sale distribution rights, with the fair use time-shifting, space-shifting, and place-shifting rights, joined with the transmitting for private home viewing rights from an authorized copy."  Since copyright ownership, and infringement by the United States, are threshold issues for jurisdiction in copyright actions in this court, this court does not have jurisdiction over plaintiff's claims.

Plaintiff also asserts that the Copyright Office violated the Fourteenth Amendment to the United States Constitution.  It is well established, however, that the Equal Protection Clause of the Fourteenth Amendment is not a money-mandating provision which establishes jurisdiction in this court.  See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (A claim under the Equal Protection Clause of the Fourteenth Amendment is not sufficient for jurisdiction in the United States Court of Federal Claims because it does not "mandate payment of money by the government." (citing Carruth v. United States, 224 Ct. Cl. 422, 445 (1980))); Potter v. United States, 108 Fed. Cl. 544, 548 (2013) (finding that "this Court lacks jurisdiction over violations under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . because they do not mandate payment of money by the government.") (internal citations omitted) (modifications in original); Warren v. United States, 106 Fed. Cl. 507, 511 (2012) (holding that, since the "Fourteenth Amendment guarantee of equal protection" is not money mandating, "[a]ccordingly, the court lacks jurisdiction over these claims."); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 367 (2011) appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012) ("However, this court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages.").

In addition, plaintiff's request for declaratory relief does not fall within the types of claims over which this court has jurisdiction.  See Ontario Power Generation, Inc. v. United States, 369 F.3d at 1301.  The United States Court of Federal Claims does not have jurisdiction to grant the general equitable relief requested by plaintiff under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to force the Copyright Office to act on his request.

The language of 28 U.S.C. § 2201 provides, in relevant part:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As stated by the United States Court of Appeals for the Federal Circuit:

The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims

> may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing United States v. King, 395 U.S. 1, 4 (1969) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'") and Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed. Cir. 1990))); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[T]he Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (quoting Austin v. United States, 206 Ct. Cl. 719, 723, cert. denied, 423 U.S. 911 (1975)), reh'g denied (1999); Westlands Water Dist. v. United States, 109 Fed. Cl. 177, 192 (2013); Halim v. United States, 106 Fed. Cl. 677, 685 (2012); Smalls v. United States, 87 Fed. Cl. 300, 307 (2009); Pryor v. United States, 85 Fed. Cl. 97, 103 (2008) ("Apart from ordering relief under 28 U.S.C. §§ 1491(a)(2) or (b)(2), the Court of Federal Claims has no power to grant a declaratory judgment. . . . The Court of Federal Claims cannot adjudicate a complaint that seeks only declaratory relief." (citing Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d at 717)). As plaintiff's requested relief is not related to a monetary claim against the United States, it does not meet the criteria under 28 U.S.C. § 1491 and this court cannot grant declaratory relief in this case.

Trying to shift the focus of his case, although not asserted in plaintiff's complaint, plaintiff alleges in response to the defendant's motion to dismiss[10] that the court should address "the fundamental principle that individuals have rights against the government" and "[t]he present Complaint sounds in contract." According to Mr. Driessen, he "has sufficiently pleaded that digital ownership is real and plausibly an exclusive right." Plaintiff tries to allege that the Copyright Office violated an implied contract with the public through its denial of the application for copyright registration through his company, Vibme. Plaintiff states that the Copyright Office "did not merely deny an

_____

[10] It is generally improper for a party to raise new claims not included in its complaint in an opposition to a motion to dismiss. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (citing IIT v. Cornfeld, 619 F.2d 909, 922 (2d Cir. 1980) (party cannot amend its complaint through statements in motion papers)). Plaintiff attempts to argue that the contract claims were "explicitly" raised in the complaint, however, the complaint only states: "The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1491 because this action is against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." Nevertheless, because both parties addressed the contract claims, so too does the court.

application for copyright registration - it denied Plaintiff the very right to file an application for registration of an exclusive right. Plaintiff has sufficiently pleaded that digital ownership is real and plausibly an exclusive right."

The Tucker Act allows waiver of the United States' sovereign immunity in cases when claims against the United States are founded on an express or implied contract with the United States, when the plaintiff seeks a refund from a prior payment made to the government, or when the claim is based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. at 289-90. However, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. 206, 216 (1983). Both the statutory basis and the monetary nature of the claim are threshold issues when considering whether the Tucker Act confers jurisdiction upon this court. Although the plaintiff's new contract claim was not asserted in the complaint, and plaintiff has not requested monetary damages, even if the court were to consider the contract claim, subject matter jurisdiction is not established because plaintiff had neither an express nor an implied contract with the government. "An agreement implied in fact is 'founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" Hercules, Inc. v. United States, 516 U.S. 417, 424 (1996) (quoting Balt. & Ohio R.R. Co. v. United States, 261 U.S. 592, 597 (1923)). The elements of an implied-in-fact contract are the same as those required for an express contract: (1) mutuality of intent; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) actual authority to bind the government. See Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003); see also De Archibold v. United States, 57 Fed. Cl. 29, 32 (2003) (citing Trauma Serv. Grp. v. United States, 104 F.3d at 1325); see also Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (citing Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc), cert. denied, 539 U.S. 910 (2003)). "The requirements for a valid contract with the United States are: a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir.) (citations omitted), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 522 U.S. 857 (1997).

Plaintiff "pleads" the existence of an implied contract by alleging "[t]he government has offered registration (via Congress and the Library 'of Congress'), and Plaintiff has accepted that offer (via requesting the permissive registration of an exclusive right). Plaintiff is ready, willing, and able to pay the required fee once the Office will supply the procedure for paying the fee for such supplemental registration as requested." (internal citations and footnote omitted). Using plaintiff's terminology, however, there never was an offer from the Copyright Office to register plaintiff's purported "exclusive right." As already noted above, it is not possible for plaintiff's purported "exclusive right" to be registered as a copyright in the Copyright Office and

plaintiff was never granted a copyright by the Copyright Office. Plaintiff, therefore, does not have such an "exclusive right" for which he can seek protection in this court, or any other court, and no contractual right could have come into existence or was breached.

Defendant's motion to dismiss also alleges that plaintiff's complaint should be dismissed for failure to state a claim, because plaintiff's claims are legally unsupported with no possible remedy. As the court already has found that this court does not have jurisdiction to entertain plaintiff's claims, the court only briefly addresses defendant's failure to state a claim argument. A motion to dismiss under RCFC 12(b)(6) (2013) for failure to state a claim upon which relief can be granted "'is appropriate when the facts asserted by the claimant do not under the law entitle him [or her] to a remedy.'" Murdock v. United States, 103 Fed. Cl. 389, 394 (2012) (alterations in original) (quoting Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998)). In examining what must be pled in order to state a claim, under both RCFC 8(a)(2) and Rule (8)(a)(2) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2); Fed. R. Civ. P. 8(a)(2); see also Bell Atl. Corp. v. Twombly, 550 U.S. at 555; TrinCo Inv. Co. v. United States, 722 F.3d 1375, 1380 (Fed. Cir. 2013) ("To avoid dismissal under RFCF [RCFC] 12(b)(6), a party need only plead 'facts to state a claim to relief that is plausible on its face,' with facts sufficient to nudge 'claims across the line from conceivable to plausible.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555)). The United States Supreme Court in Twombly stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss [for failure to state a claim] does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely") . . . . [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56, 570 (footnote and other citations omitted; brackets and omissions in original); see also Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570); Totes-Isotoner Corp. v. United States, 594 F.3d 1346, 1354-55 (Fed. Cir.), cert. denied, 131 S. Ct. 92 (2010); Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir.) ("In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)), reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 130 S. Ct. 3468 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 570)), reh'g denied (Fed. Cir.), cert. denied, 557 U.S. 937 (2009); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 726-27 (2010), appeal dismissed, 454 F. App'x 900 (2011); Legal Aid Soc'y of New York v. United States, 92 Fed. Cl. 285, 292, 298, 298 n.14 (2010); Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013) ("the factual allegations must 'raise a right to relief above the speculative level' and must cross 'the line from conceivable to plausible.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555)).

When deciding whether a plaintiff has failed to state a claim upon which relief can be granted, the court assumes that the undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Cambridge v. United States, 558 F.3d at 1335 (citing Papasan v. Allain, 478 U.S. 265, 283 (1986)); Cary v. United States, 552 F.3d at 1376 (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)); Anaheim Gardens v. United States, 444 F.3d 1309, 1315 (Fed. Cir.), reh'g denied (Fed. Cir. 2006); Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). If a defendant or the court challenges jurisdiction or a plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Therefore, although the court must assume that the undisputed facts alleged in the complaint are true for the purposes of the motion to dismiss and draws all reasonable inferences in the plaintiffs' favor, the facts alleged in the complaint must be plausible and not merely naked assertions devoid of a factual basis. See Ashcroft v. Iqbal, 556 U.S. at 678; see also McZeal v. Sprint Nextel Corp., 501 F.3d at 1363 n.9 (mere allegations of law and conclusions of fact are insufficient to support a claim).

Plaintiff asserts that he has "exclusive rights" because he "owns media material objects in the form of discs, tapes, and records legally and lawfully purchased." The

Copyright Act, at 17 U.S.C. § 102 (2006), however, only confers protection to the author of such works, stating "[c]opyright protection subsists, in accordance with this title, in <u>original works of authorship</u> fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." (emphasis added).    The Copyright Act at 17 U.S.C. § 201 further clarifies that "[c]opyright in a work protected under this title vests initially in the author or authors of the work." 17 U.S.C. § 201 (2006). Indeed, 17 U.S.C. § 202 explicitly states the following about ownership of material objects:

> Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied. Transfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object; nor, in the absence of an agreement, does transfer of ownership of a copyright or of any exclusive rights under a copyright convey property rights in any material object.

17 U.S.C. § 202 (2006). Mr. Driessen, therefore, fails to state a claim upon which relief can be granted because the rights plaintiff alleges were violated do not exist.  In fact, Vibme's first petition itself is evidence that plaintiff knew and understood that there was no protectable right, as Vibme requested the Copyright Office perform rulemaking to expand the "exclusive rights."  Even considering the allegations in plaintiff's complaint as true for the purposes of the motion to dismiss, and drawing all reasonable inferences in favor of plaintiff, the court finds that plaintiff has failed to state a claim for which relief can be granted.

**CONCLUSION**

For the reasons stated above, the court **GRANTS** defendant's motion to dismiss. Plaintiff's complaint is **DISMISSED**.  The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**
